UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:07-cr-275-J-32MCR

JAMES GORDON HILL
_____/

## **ORDER**

**THIS CAUSE** is before the Court on the issue of Defendant's competency to proceed with the final revocation proceedings. The Court has considered the parties' submissions to date as well as the testimony and arguments from the hearings. For the reasons set forth below and as stated at the December 5, 2019 hearing, the Court concludes that Defendant is competent to participate in all Court proceedings.

### I.  Background

On October 11, 2007, a single-count Indictment was returned in open Court, charging Defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1.) After pleading guilty, in April 2008, Defendant was sentenced to 188 months of imprisonment and 60 months of supervised release. (*See* Docs. 33, 34.) On August 4, 2016, the Court granted Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, vacated his imprisonment sentence, and sentenced him to

time-served plus 14 days, to be released from the Bureau of Prisons on August 18, 2016, followed by a term of 36 months' supervised release. (Doc. 55.)

On July 7, 2017, the Court directed the issuance of a warrant for Defendant's arrest for violating the conditions of his supervision. (Doc. 57.) A Superseding Petition for Warrant or Summons for Offender Under Supervised Release was entered on March 12, 2019. (Doc. 61.) On September 27, 2019, Defendant was arrested for violating the conditions of his supervised release under the Superseding Petition. (*See* Doc. 76.)

Before proceeding with the initial appearance on October 17, 2019, defense counsel orally moved, without objection by the Government, for a competency evaluation of Defendant. (Docs. 64, 66.) The initial appearance was held in abeyance and, on October 21, 2019, the Court appointed Jason A. Demery, Ph.D., an expert in the field of psychology, to conduct a competency evaluation of Defendant on November 4, 2019 and to issue a written report with his findings prior to the competency hearing scheduled for November 19, 2019. (Docs. 64, 68.)

On November 4, 2019, Dr. Demery attempted to evaluate Defendant at the Baker County Jail in Macclenny, Florida. (Doc. 77-1 at 1.) Defendant's attorney, Waffa Hanania, was also present. (*Id.*) Dr. Demery reviewed discovery, the Court's Order for competency evaluation, Baker County Jail Medical Records, and attempted to conduct a face-to-face interview with Defendant. (*Id.*)

On November 15, 2019, Dr. Demery issued a written report, concluding, with a reasonable degree of psychological certainty, that Defendant "did not cooperate with the evaluation." (*Id.*) Dr. Demery explained:

> Mr. Hill responded with prolonged response latencies to basic questions such as, "What is your name?" He said he did not know his date or place of birth. He said he recalled living in Florida before he was incarcerated but that he did not recall [in] what city. He said he knew neither his current charge nor the length of any potential sentence.
>
> Mr. Hill said, "I don't know" to questions about the role of the judge, jury, prosecutor, or defense attorney. **He said he did not know his defense attorney and that he did not know if he had ever met with her despite her sitting next to him during the evaluation.**
>
> Mr. Hill said he did not know the meaning of a plea of guilty or not guilty and that he did not know what it meant if a jury found him not guilty.
>
> Mr. Hill reported that he takes prescribed medications but that he did not know why they were prescribed.
>
> When asked about how his mood had been lately, Mr. Hill said, "I don't know." He also did not know how much sleep he had gotten the night before the evaluation. He said he did not know how long he had been at the Baker County Jail. He trembled and appeared tense with a grimaced look on his face, saying, "I don't understand."
>
> An attempt was made to administer the Inventory of Legal Knowledge (ILK), an objective measure of malingered adjudicative incompetency, but he simply responded with "I don't know" or "I don't understand the question" when this examiner asked test questions in accordance with the standardized test instructions. **Mr. Hill was informed that he could guess "true" or "false" to simple questions but instead simply responded with "I don't know" and he never attempted to guess the answers to easy questions.**

(Doc. 77-1 at 2 (emphasis added); *see also* Dec. 5, 2019 Hr'g Tr. 12-13, 24 ("I asked him if he knew who his defense counsel was and he said no, despite you sitting next to him. . . . But what – what struck me is the fact he didn't know if he had ever met with his defense counsel and said he didn't know who she was.").)

Dr. Demery then summarized medical records from October 8th, 9th, 10th, 22nd, 25th, and 31st, and from November 3rd and 4th of 2019. (Doc. 77-1 at 2-3; Dec. 5, 2019 Hr'g Tr. 21-22.) These records showed that Defendant had a history of depression, bipolar disorder, and schizophrenia, as well as an inpatient psychiatric hospitalization in Ocala, Florida. (Doc. 77-1 at 2; Dec. 5, 2019 Hr'g Tr. 22.) There were also reports of paranoia, racing thoughts, depression, anxiety, and auditory hallucinations. (Doc. 77-1 at 2; Dec. 5, 2019 Hr'g Tr. 23.) The records indicated that Defendant had been prescribed Zyprexa (an antipsychotic medication), Vistaril, Trazadone, and Venlafaxine. (Doc. 77-1 at 2; Dec. 5, 2019 Hr'g Tr. 21-22.) On October 22, 2019, Defendant reported reduction in his symptoms and, as of October 25, 2019, he had no complaints. (Doc. 77-1 at 3.)

Dr. Demery concluded his report as follows:

Overall, Mr. Hill appears to have a history of mental illness for which he is prescribed three medications, including mood stabilizing and antipsychotic medication[s]. Medical records indicate that he was "Alert and oriented, responsive, and with no complaints" on 11/3/19 and 11/4/19. It is my opinion that Mr. Hill should be able to meaningfully participate in an examination of his adjudicative competency, but he did not cooperate with the examination that was attempted on 11/04/19.

4

(*Id.*)

Considering Dr. Demery's conclusion that Defendant did not cooperate with his evaluation, at the November 19, 2019 hearing, the Government orally moved, without objection by Defendant, for a continuance of the competency hearing, which was granted. (Docs. 69, 70, 71; Nov. 19, 2019 Hr'g Tr. 3-4 ("Dr. Demery has advised us that he would like additional time to review some other records and information, specifically to listen to some jail calls. . . . And he believes that, after doing that, he will be able to render a conclusive opinion on . . . Mr. Hill's competency.").) On the Government's motion, the competency hearing was reset for December 5, 2019. (Docs. 73, 74, 75.)

On December 4, 2019, Dr. Demery issued an Addendum to his report after he had received a recording of 16 telephone calls between Defendant and various individuals from the Baker County Jail. (Doc. 77-1 at 4, 6.) He found all these calls "to be informative about Mr. Hill's neuropsychological capacity and personality," but incorporated only three of the most relevant calls[2] into his Addendum:

Call # 1:

Beginning at approximately 5:00 until approximately 6:12, Mr. Hill indicates "…they think I'm crazy…" and laughingly mocks the competency evaluation process.

---

[2] All three calls took place before the November 4, 2019 evaluation.

Call # 2:[3]

Beginning at approximately 7:20 until approximately 7:48, Mr. Hill indicates "…but the evaluation can take as long as I want it to. So, I'm working on staying there [North Carolina] for as long as I can."

Call # 3:[4]

Beginning at approximately 6:10 until approximately 7:30, Mr. Hill states, "Basically, if you go into court and you say, 'I don't know what the hell is going on' they can't take you to court. And it just so happens that the hospital – the stuff that they take you to to [sic] find you competent – are the better places to be."

(Doc. 77-1 at 6 (emphasis omitted); *see also* Dec. 5, 2019 Hr'g Tr. 16; Gov's Ex. 2.)

In conclusion, Dr. Demery stated:

Overall, Mr. Hill has medical records that indicate that he has a history of mental illness for which he is prescribed three medications, including mood stabilizing and antipsychotic medication[s]. However, medical records indicate that he was "Alert and oriented, responsive, and with no complaints" on 11/03/19 and 11/04/19. Telephone records provide supportive evidence that Mr. Hill's neuropsychological status is markedly different when talking to family than when he presented to me on 11/04/19.

---

[3] With respect to this call, Dr. Demery stated at the hearing:
[Defendant is] obviously planning ahead. He's anticipating the future. And he certainly is talking to his brother about exerting his will and control over this process and where he gets placed.
. . . [Defendant] makes reference to the preferred conditions of the medical center in Butner, North Carolina. So I think it's reasonable to assume that even within the jail system – you lose your liberty, but there's still better ways to lose your liberty in different locations than in others. . . . And he said he wanted to work on his book at the medical center.
(Dec. 5, 2019 Hr'g Tr. 19, 25-26.)

[4] With respect to this call, Dr. Demery stated at the hearing: "[Defendant] knew the date. He knew what was going to occur on the 4th. And he was predicting, I think, what the potential outcome was going to be before the evaluation even occurred." (Dec. 5, 2019 Hr'g Tr. 18.)

(Doc. 77-1 at 6-7 (emphasis omitted).)  Then, Dr. Demery opined, with a reasonable degree of psychological certainty, that Defendant "malingered psychological dysfunction and adjudicative incompetency" when Dr. Demery attempted to perform a court-ordered competency evaluation on November 4, 2019.  (*Id.* at 4, 7.)

On December 5, 2019, the Court held a competency hearing at which the Government presented Dr. Demery's testimony and entered into evidence Government's Exhibit 1 (Dr. Demery's reports from November 15, 2019 and December 4, 2019) and Government's Exhibit 2 (a compact disc with the recording of Defendant's jail calls).  (Docs. 77, 78; Dec. 5, 2019 Hr'g Tr. 10-11.)  Dr. Demery testified that Defendant's presentation on November 4, 2019 was inconsistent with any form of mental illness, including bipolar disorder or schizoaffective disorder.  (Dec. 5, 2019 Hr'g Tr. 13-15.)  After seven or eight minutes of face-to-face interaction with Defendant on November 4, 2019, Dr. Demery discontinued the evaluation due to Defendant's lack of cooperation.  (Dec. 5, 2019 Hr'g Tr. 13-14 ("[Defendant] did not cooperate.  I think he was participating in his own agenda.  He had a very clear agenda.  He was certainly participating in that.  But he certainly didn't participate in this court-ordered competency-to-stand-trial evaluation."), 20 ("I would contend I did do an evaluation.  I would have done a more extensive evaluation had he cooperated.").)  Dr. Demery further testified that Defendant's presentation at the

7

November 4, 2019 evaluation was completely or markedly different from his presentation during the phone calls incorporated in the Addendum. (Dec. 5, 2019 Hr'g Tr. 17, 26.) In addition, Defendant's "responses to the questions of the jail medical staff during the intake were markedly different than his behavioral presentation to [Dr. Demery] in the evaluation." (Dec. 5, 2019 Hr'g Tr. 22.) Thus, Dr. Demery opined that Defendant malingered psychological illness and adjudicative incompetency. (Dec. 5, 2019 Hr'g Tr. 14.)

When questioned by the Court whether he saw any signs of incompetency from Defendant based on the November 4, 2019 evaluation and the three jail calls, Dr. Demery responded:

> No, not at all. In fact, quite the contrary. It [sic] seemed like a person who understood . . . the role of his attorney [and] the nature of the evaluation he was going to undergo.
> He . . . had a plan. He was attempting to manipulate the system, in my opinion, in order to get placed at a more comfortable location. There is no indication of incompetency here.
> Of course, everybody is presumed competent, unless otherwise demonstrated to be incompetent.
> . . .
> I didn't see any form of mental illness that would form the basis for incompetency, either face to face . . . nor in the telephone calls.
> In fact, even the jail medical records indicate that he was alert and oriented and appropriately responsive the day before my evaluation and the day of my evaluation.

(Dec. 5, 2019 Hr'g Tr. 19, 21.)

The Court also asked Dr. Demery whether he believed that Defendant was able to understand the nature and consequences of the proceedings against him. (Dec. 5, 2019 Hr'g Tr. 26.) Dr. Demery responded: "I believe he is. And, again,

8

that's primarily based on the content of the phone calls. There was no indication to me that he manifests any form of mental illness, having evaluated him for a rather brief period of time, that would impair his competency." (Dec. 5, 2019 Hr'g Tr. 26-27.) The following exchange followed:

> THE COURT: Is it also your opinion that he's -- has the capacity to assist in the presentation of his defense, if he wants to?
> THE WITNESS: Absolutely. He has the capacity to do so. It depends on what his motivation is.
> THE COURT: So[,] is it your conclusion that he's competent to proceed in all proceedings at this point?
> THE WITNESS: Yes. There's no indication to me that he's incompetent.

(Dec. 5, 2019 Hr'g Tr. 27.)

Based on this testimony and other evidence, the Court stated at the December 5, 2019 hearing that Defendant was "able to understand the nature and circumstances of the proceedings against him[,] . . . to assist in the preparation of a defense, and to proceed with the [] case at hand." (Dec. 5, 2019 Hr'g Tr. 28; *see also* Doc. 77 at 2.) The Court noted that Defendant's presentation was "blatant manipulation." (Dec. 5, 2019 Hr'g Tr. 29; *see also id.* at 32-33 ("And, again, after listening to the doctor and the subsequent phone calls from the jail, it is obvious to everyone that the defendant is engaged in a process of manipulation and trying to thwart justice, having a conversation with his brother about what he intended to do, and that will not happen in this courtroom.").)

After finding Defendant competent to proceed with this case, the Court proceeded with the initial appearance. (Dec. 5, 2019 Hr'g Tr. 29.) Defendant was unresponsive to the Court's questions. (Dec. 5, 2019 Hr'g Tr. 29-30 ("I will note that, obviously, Mr. Hill is unresponsive and apparently has an inability to cooperate with the initial appearance."), 31-32 ("The Court notes no response. . . . The Court notes no response. You do have a constitutional right to remain silent, which you are doing. . . . Do you understand your right to remain silent, sir? . . . (No response.) . . . Apparently you do.").)[5] Defendant was then detained pending the final revocation hearing. (Docs. 77, 80.)

## II. Discussion

The Court is required to hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

---

[5] Interestingly, at the preliminary hearing that took place on December 10, 2019, Defendant actually responded to the Court's questioning, in stark contrast to his non-responsiveness just five days earlier. (*See* Doc. 83.)

10

18 U.S.C. § 4241(d); *see also United States v. Cruz*, 805 F.2d 1464, 1479 (11th Cir. 1986) ("The legal test for competency is whether the defendant had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he had 'a rational as well as factual understanding of the proceedings against him.'") (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

Here, the preponderance of the evidence indicates that Defendant is competent to proceed with this case as he is not suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him. Although Defendant has a history of mental illness, for which he has received treatment, his medical records since October 2019 show reduction in his symptoms and/or no complaints. (Doc. 77-1 at 3.) Moreover, Defendant's non-responsive presentation during the November 4, 2019 evaluation is clearly inconsistent with: (1) the jail medical records showing that Defendant was responsive, alert, and oriented on November 3rd and 4th of 2019; (2) his "responses to the questions of the jail medical staff during the intake"; (3) any form of mental illness, including bipolar disorder or schizoaffective disorder, as opined by Dr. Demery; (4) his totally responsive, lucid, and goal-driven/manipulative presentation during the telephone calls with his family; and (5) his conduct at the December 5, 2019 competency hearing

where Defendant was obviously laughing while listening to the tapes of the jail calls.[6]

Accordingly, the Court agrees with Dr. Demery's opinion that Defendant was malingering psychological dysfunction and adjudicative incompetency at his November 4, 2019 evaluation as he was trying to manipulate the evaluation and the legal proceedings. Based on the foregoing, the Court also finds that Defendant has rational as well as factual understanding of the proceedings against him and sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. In sum, the Court agrees with Dr. Demery's opinion that Defendant is competent to proceed with this case. Accordingly, after due consideration, it is hereby

**ORDERED:**

Defendant, James Gordon Hill, is mentally competent to proceed and there is no reason to delay further proceedings in this case.

**DONE AND ORDERED** at Jacksonville, Florida, on December 17, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[6] Of course, Defendant's non-responsiveness at the November 4, 2019 evaluation is also inconsistent with his presentation at the December 10, 2019 preliminary hearing where he answered the Court's questions.

Copies to:

Counsel of Record